PEOPLE v BURKES

Docket No. 48088. Submitted May 6, 1981, at Detroit.—Decided
March 2, 1982.

Helen F. Burkes was charged with equipping her automobile with
a radar-detecting device. The Recorder's Court of Detroit, Leo-
nard Townsend, J., dismissed the charge, holding that the
statute prohibiting such devices did not apply because the
device was disconnected and lying on the floor of the vehicle
when the defendant was arrested. The people appeal. *Held:*

The prosecution contends that the device was located in such
a way that it could have been made operable merely by
plugging it in. If proven, that would be sufficient to constitute
"equipping" the vehicle with the device within the meaning of
the statute.

Reversed and remanded.

J. L. BANKS, J., dissented. He would hold that the statute
does not apply to radar detectors because federal regulations
make no specific assignment of frequencies for police radar or
speed measuring devices and, therefore, there is no frequency
assigned "for police purposes" as used in the statute. He would
affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — RADAR DETECTORS — STATUTES.

The possession of a police radar detection device when discon-
nected but placed in an automobile in such a way that it could
be utilized merely by plugging it in constitutes "equipping"
the vehicle with the device under the terms of the statute which
prohibits equipping a vehicle with such a device (MCL 750.508;
MSA 28.776).

REFERENCES FOR POINTS IN HEADNOTES
[1] [No reference]
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 171.

DISSENT BY J. L. BANKS, J.

2. STATUTES — FEDERAL PREEMPTION — RADAR DETECTORS — CRIMI-
NAL LAW.

*Federal legislation and regulation of radio frequencies have
preempted state regulations; because the federal regulations
make no specific assignment of frequencies to police radar nor
specifically authorize speed-measuring devices there is no fre-
quency assigned "for police purposes" within the meaning of
the statute prohibiting the equipping of a vehicle with a device
for receiving such frequencies and the statute therefore does
not apply to prohibit radar detectors (MCL 750.508; MSA
28.776).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *A. George Best, II,*
Assistant Prosecuting Attorney, for the people.

*Parzen & Parzen,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and
J. L. BANKS,* JJ.

N. J. KAUFMAN, J. Defendant was charged with
equipping her automobile with a "Fuzz-buster"
radar-detecting device, contrary to the prohibition
of MCL 750.508; MSA 28.776. The trial court
dismissed the charge after concluding that the
conduct alleged did not constitute "equipping"
within the statute. The prosecution appeals.

The sole issue on appeal is whether the trial
court erred in concluding that the conduct alleged
did not fit within the statutory term "equipping",
but instead constituted mere possession of the
device. We hold that error did occur. Apparently,
the Fuzz-buster device was on the floor of defen-
dant's vehicle but was not plugged in when the
police approached her car. The prosecution con-
tended that the device merely could have been

---

* Circuit judge, sitting on the Court of Appeals by assignment.

disconnected at the time of the traffic stop. Thus, the position of the prosecution was that the device was placed within the automobile in such a way that it could be utilized merely by plugging it in. We believe that such an allegation, if proven, would be sufficient to constitute "equipping" under the terms of the statute.

Defendant has not filed a cross-appeal concerning the validity of the statute, so that issue is not properly before this Court for review. In any event, we find preferable the reasoning and holding of *People v Gilbert,* 88 Mich App 764; 279 NW2d 546 (1979), *on reh* 93 Mich App 321; 287 NW2d 220 (1979), *lv gtd* 408 Mich 960 (1980).

Reversed and remanded for trial.

BASHARA, P.J., concurred.

J. L. BANKS, J. *(dissenting).* The prosecution appeals the dismissal of charges involving defendant's equipping her automobile with a "Fuzzbuster", a device which detects the presence of police operated speed detection radar. Does the offense charged come within the statutory proscription of MCL 750.508; MSA 28.776? One panel of this Court has held that it does, twice. *People v Gilbert,* 88 Mich App 764; 279 NW2d 546 (1979), *on reh* 93 Mich App 321; 287 NW2d 220 (1979), *lv gtd* 408 Mich 960 (1980).

The statute in question, legislation of the prohibition era, does not specifically prohibit the possession or use of radar detection devices. It reads:

"Any person who shall equip a vehicle with a radio receiving set that will receive signals sent on frequencies assigned by the federal communications commission of the United States of America for police purposes, or use the same in this state unless such vehicle

is used or owned by a peace officer or a bona fide amateur radio operator holding a conditional, general, advanced or extra class amateur license issued by the federal communications commission, without first securing a permit so to do from the commissioner of the Michigan state police upon such application as he may prescribe, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year or by a fine of not more than $500.00 or by both such fine and imprisonment in the discretion of the court."

This Court's second *Gilbert* opinion addressed the applicability of 1979 changes to the Federal Communications Commission's (FCC) regulatory scheme. The Court concluded that the 1979 amendments to the Code of Federal Regulations (CFR), when examined along with the FCC's licensing scheme, had the effect of prohibiting the specific frequency used by police for radar purposes from being used or intercepted by others.

I disagree because I find that federal legislation and the broad impact of the FCC regulations have entirely preempted state regulations.

I further recognize that the 1979 changes to the CFR classify the Police and Public Safety Radio Services under subpart B of part 90, 47 CFR, which makes no frequency assignment for radio location devices, while radar frequencies are now assigned by subpart F, the Radiolocation Service. The CFR lists potential licensees and frequencies to be allocated but makes no specific reference to police agencies. (See 47 CFR 90.103(a), compare 47 CFR 90.19.)

Consider the following. The state police currently, in cooperation with the highway department, maintains "Project Bear", a citizens band (CB) radio monitoring system along Interstate 96. That system operates 24 hours a day, 7 days a

week throughout the year. The Michigan State Police, from its East Lansing headquarters, monitors CB Channel 9 and maintains two-way communication capability on both that channel and Channel 19. For this project, the state police has a license and call letters issued by the FCC. Additionally, aside from Project Bear, other police vehicles are also equipped with CB radios having both reception and transmission capabilities for which licenses from the FCC are likewise required. 47 CFR 95.401. If the law is as *Gilbert* suggests, no private citizen could equip a motor vehicle in this state with a CB transceiver without a permit from the commissioner of the Michigan State Police, since CB frequencies are being used "for police purposes", among other things.

As with CB radios, the happenstance issuance of a license to a police agency cannot transmogrify the detailed federal frequency allocation scheme *pro tanto* into a frequency "assigned by the federal communications commission of the United States of America for police purposes". Neither CB nor regular location frequencies are assigned for police purposes, even though a police agency may obtain a license for either a CB transceiver or a radio location device. Because 47 CFR 90.19 makes no assignment of any frequency to police radar and because 47 CFR 90.103(c)(10) specifically does not authorize "speed measuring devices" in the Radiolocation Service, I find no frequency "assigned by the federal communications commission of the United States of America for police purposes". Thus, MCL 750.508; MSA 28.776 does not apply to radar detectors.

I would therefore affirm the trial court's dismissal of the charges against this defendant.